NO. 07-07-0056-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 2, 2007
_____

ELIZABETH GUTIERREZ, APPELLANT

V.

ZURICH AMERICAN INSURANCE COMPANY AS SUBROGEE OF
HUNTER INDUSTRIES, INC. AND JOHNNIE HILL, APPELLEES
_____

FROM THE 274TH DISTRICT COURT OF HAYS COUNTY;

NO. 03-1179-A; HONORABLE BILL HENRY, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**


Appellant Elizabeth Gutierrez attempts to appeal after the trial court issued an order granting summary judgment against her. However, the trial court's order does not dispose of all issues before the court. Since the judgment is not final, this court does not have subject matter jurisdiction. We dismiss for want of jurisdiction.

## Background

On August 20, 2003, Zurich filed an action against Gutierrez and Miguel Gomez seeking damages arising from a car accident. Additionally, in its original petition, Zurich requested pre- and post-judgment interests, court costs, and attorney fees. On July 12, 2006, Zurich filed a Motion to Sever requesting the trial court sever the judgment against Gomez into a separate proceeding since all causes of action asserted against Gomez had been disposed. On the same date, Zurich also moved for summary judgment against Gutierrez. On August 8, the trial court granted Zurich's Motion to Sever and signed a prepared severance order; however, the trial court exchanged Gutierrez's name for Gomez's name through most of the prepared order, but not all instances. The resulting order created a new cause number, 03-1179A and stated that "all causes of action pled by Plaintiff against Defendant Gomez be severed into a new cause of action with the following cause number and style: Cause No. 03-1179A; Zurich American Insurance Company . . . v. Elizabeth Gutierrez . . . ." Additionally, the trial court granted Zurich's motion on summary judgment against Gutierrez and signed an order awarding Zurich damages as well as pre- and post-judgment interest. However, the order did not mention court costs or attorney fees. Gutierrez then filed a motion for new trial on September 7, and notice of appeal on December 13.

## Law and Analysis

Subject matter jurisdiction is essential to the authority of a court to decide a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). Subject

2

matter jurisdiction is never presumed and cannot be waived. Id. at 443-44. Subject matter jurisdiction may be raised for the first time on appeal. Id. at 445. The issue may be raised *sua sponte* by a court, and is a legal question subject to *de novo* review. See Mayhew v. Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998).

Only in certain instances authorized by statute may appeal be taken from interlocutory orders. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see, e.g., TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2006). An appellate court without statutory authority to review an interlocutory judgment has jurisdiction only to determine its jurisdiction and to dismiss the appeal. See Steeple Oil and Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

To be a final judgment from which an appeal may be taken, the judgment must dispose of all parties and all issues in the case. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). To determine whether an order disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. Id.

In reviewing the record, we conclude that the order entered did not dispose of all matters and was not intended to be a final order. We conclude that the order from which appellant has given notice of appeal is not a final judgment and is not appealable. Therefore, we must and do dismiss the appeal for want of jurisdiction.

3

Conclusion

For the foregoing reasons, we dismiss for want of jurisdiction.



Mackey K. Hancock
Justice